**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>LOURDES DEL ROSARIO FONTANILLAS LÓPEZ,<br><br>     Debtor.<br><br>_____<br><br>MORELL BAUZÁ CARTAGENA & DAPENA, LLC,<br>     Plaintiff,<br><br>     v.<br><br>LOURDES DEL ROSARIO FONTANILLAS LÓPEZ,<br><br>     Defendant. | CASE NO. 21-02870 MAG7<br><br>Chapter 7<br><br><br><br>ADV. PROC. NO. 21-00120<br><br><br><br>FILED & ENTERED ON 3/21/2022 |

**OPINION & ORDER**

Morell Bauzá Cartagena & Dapena LLC (the "Plaintiff") filed a complaint against Lourdes del Rosario Fontanillas López (the "Defendant") objecting the dischargeability of a debt pursuant to section 523(a)(6) of the Bankruptcy Code. 11 U.S.C. § 523(a)(6). Plaintiff is an unsecured creditor with a claim in the amount of $53,662.50 pursuant to a judgment entered in November 2014 by the United States District Court for the District of Puerto Rico in favor of Plaintiff and against Defendant dismissing the case filed by Defendant and imposing attorney's fees in favor of Plaintiff.

Pending before the court is Defendant's motion to dismiss with prejudice the instant adversary proceeding. [Adv. Dkt. No. 7.] To date, Plaintiff has not opposed the motion to

dismiss. For the reasons stated below, the motion to dismiss filed by Defendant is granted and the complaint is dismissed with prejudice.

### I.  JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II.  PROCEDURAL BACKGROUND

On September 28, 2021, Defendant filed a voluntary petition under chapter 7 of the Bankruptcy Code, which was docketed as case 21-02870. [Bankr. Dkt. No. 1.]  She listed Plaintiff as an unsecured creditor in schedule E/F in the amount of $65,371.45 arising from "lawsuit case 12-1206." [Id. at p. 39.] Notice was sent to all creditors providing that the deadline for filing a complaint to determine non-dischargeability of a debt was December 27, 2021 and that no property appeared to be available to pay creditors, thus there was no need to file a proof of claim at that time. [Bankr. Dkt. No. 4.]

On December 27, 2021, Plaintiff filed this adversary proceeding pursuant to section 523(a)(6) of the Bankruptcy Code. [Adv. Dkt. No. 1.] In the prayer for relief of the complaint Plaintiff "oppose[s] Debtor's [Defendant's] discharge until Debtor's [Defendant's] responses at the §341 Meeting are further explored, including the deposition of third parties, and [requests] to recover the fees assessed against her by the United States District Court for the District of Puerto Rico on account of her temerity and vexatious litigation."  [Id. at 3.]

On January 25, 2022, Defendant moved the court to dismiss the case with prejudice. [Adv. Dkt. No. 7.]  No opposition to the dismissal has been filed to date. On February 23, 2022, Defendant requested the entry of judgment dismissing the case. [Adv. Dkt. No. 8.]

2

### III. THE MOTION TO DISMISS

Defendant moves the court to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5) for lack of personal jurisdiction, for insufficient process, and for insufficient service of process. In short, she argues that Plaintiff's failure to properly serve her with the summons and complaint deprived this court of in personam jurisdiction.

Moreover, Defendant asserts that the complaint must also be dismissed under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff argues that the complaint is devoid of any factual allegation to support a section 523(a)(6) action because there is no allegation that the award of attorney's fees in the amount of $53,662.50 is the result of "willful" and "malicious" conduct of or by the Defendant as those terms have been defined by section 523(a)(6). Defendant notes that Fed. R. Civ. P. 9(b) made applicable to adversary proceedings through Fed. R. Bankr. P. 7009 requires that for a plaintiff to allege "malice, intent, knowledge, and other conditions of a person's mind," the general allegation must be supported by relevant facts from which the state of mind can be inferred. However, she argues that the complaint offers no factual allegations to support the general subjective characterizations of Defendant's state of mind.

Furthermore, despite stating in the title of the complaint that Plaintiff was opposing the dischargeability of the debt owed to Plaintiff, the prayer for relief does not seek a determination as to the dischargeability of the debt owed by Defendant. Lastly, Defendant argues that the complaint is time-barred.

## IV.   APPLICABLE LAW AND DISCUSSION

### (i)      Lack of personal jurisdiction

The court will address first the personal jurisdictional issues. After all, without jurisdiction, the court cannot consider the merits of the case.  See, Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction.").

For the court to obtain personal jurisdiction over a defendant in adversary proceedings, the service of process must be done pursuant to Fed. R. Civ. P. 4, made applicable to bankruptcy cases through Fed. R. Bankr. P. 7004(a)(1). "Proper service of process is required for the Court to obtain jurisdiction over a person." Vargas v. Potter, 792 F. Supp. 2d 214, 216 (D.P.R. 2011). "[O]nce challenged, plaintiffs have the burden of proving proper service." Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Service of a summons and complaint upon an individual-defendant in adversary proceedings can be achieved by personal delivery under Fed. R. Bankr. P. 7004(a)(1) or through first class mail under Fed. R. Bankr. P.  7004(b)(1).  Where a debtor is a defendant in an adversary proceeding, Fed. R. Bankr. P. 7004(b)(9) requires that the summons and a copy of the complaint be mailed to the debtor at the address shown in the petition. Fed. R. Bankr. P. 7004(b)(9).  In addition, Fed. R. Bankr. P. 7004(g) requires that service be made upon the debtor's attorney, if the debtor is represented by an attorney.

Moreover, there are deadlines a plaintiff must comply with when serving process. Fed. R. Bankr. P. 7004(e) requires that the summons and complaint be delivered within seven days after the issuance of the summons and Fed. R. Civ. P. 4(m), made applicable to bankruptcy cases

4

through Fed. R. Bankr. P. 7004(a)(1) establishes a 90-day deadline for service after the complaint is filed. If the defendant is not served within those 90 days, the court must dismiss the complaint without prejudice absent a showing of good cause or establish a new deadline for service. Id.

The defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process may be asserted by motion under Fed. R. Civ. P. 12(b)(2), (b)(4), and (b)(5), made applicable to bankruptcy cases through Fed. R. Bankr. P. 7012(b)(2), (b)(4), and (b)(5). "While a Rule 12(b)(2) motion challenges the existence of jurisdiction over the person served, a Rule 12(b)(4) motion challenges the form of process, and a Rule 12(b)(5) motion challenges the method of serving process[.]" 2 James Wm. Moore et. al., Moore's Federal Practice § 12.33 (2021). See also Roque v. United States, 857 F.2d 20, 21 (1st Cir. 1988) ("Rule 12(b) distinguishes between the defenses of lack of personal jurisdictional and insufficient service of process.").

Defendant seeks dismissal under Rule 12(b)(2), (b)(4) and (b)(5) as if they were interchangeable, but her argument falls squarely under the purview of Rule 12(b)(5). In summary, Defendant argues that this court lacks personal jurisdiction because she has not been served with the summons and complaint either by personal delivery or by first class mail. The court agrees.

As the record shows, the instant complaint was filed on December 27, 2021. [Adv. Dkt. No. 1.] The summons was issued on December 28, 2021. [Adv. Dkt. No. 4.]  Pursuant to Fed. R. Bankr. P.  7004(e), Plaintiff had to personally deliver or deposit in the mail the summons and complaint by January 4, 2022. However, Plaintiff has not filed a certificate of service. Furthermore, there are no allegations on the record that the summons and complaint were served

5

within the Fed. R. Bankr. P. 7004(e) seven-day deadline or at all. Absent proper service of process, the court is without personal jurisdiction over Defendant and dismissal is warranted under Fed. R. Civ. P. 12(b)(5).

### (ii)    Failure to state a claim upon which relief can be granted

Defendant moves for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the complaint fails to state a claim upon which relief can be granted. A dismissal for insufficient service of process is typically a dismissal without prejudice therefore the court will also address Defendant's Fed. R. Civ. P. 12(b)(6) arguments.  See Garvey v. Seterus, Inc., 2017 U.S. Dist. LEXIS 97373, at *14 (W.D.N.C. June 23, 2017) ("To limit the refiling of complaints that do not properly state a claim, a court that concludes that service was not properly completed for purposes of Rule 12(b)(5) may proceed and consider a defendant's alternative argument for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

Among the Fed. R. Civ. P. 12(b)(6) arguments included in the motion to dismiss, Defendant asserts that the complaint is devoid of sufficient well-pleaded factual allegations to support a claim under 11 U.S.C. section 523(a)(6).  Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.  § 523(a)(6); see also 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 523.12 (16th ed. 2021) ("[A] wrongful act done intentionally, which necessarily produces harm or which has a substantial certainty of causing harm and is without just cause or excuse, is 'willful and malicious' within the meaning of section 523(a)(6)."). "To prevail on a complaint to except a debt from discharge, as one caused by a debtor's 'willful and malicious injury,' a creditor must prove that (1) the debtor caused him or her injury; (2) the debtor's actions

6

were malicious; and (3) the debtor's actions were willful." Jones v. Svreck (In re Jones), 300

B.R. 133, 139 (B.A.P. 1st Cir. 2003).

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) made applicable to

adversary proceedings through Fed. R. Bankr. P. 7012(b), if the court finds that the plaintiff

failed to comply with requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2), made applicable to

adversary proceedings through Fed. R. Bankr. P. 7008, requires a plaintiff to include in the

complaint "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). "The sole inquiry under Rule 12(b)(6) is whether, construing the well-

pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a

claim for which relief can be granted." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 7 (1st

Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In the instant case, the complaint has no well-pleaded facts. The complaint merely states

that Defendant filed for chapter 7 relief to avoid collection of the judgment issued by the United

States District Court for the District of Puerto Rico dismissing the complaint and imposing an

award of $53,662.50 in attorney's fees against Defendant for her temerity and vexatious

litigation. The complaint fails to address section 523(a)(6) and does not set forth facts alleging

how the debt caused "injury" or is the result of Defendant's "willful" or "malicious" conduct.

Simply put, the complaint does not contain sufficient allegations to put Defendant on notice that

Plaintiff is entitled to relief in objecting to the dischargeability of its claim.

On the contrary, in the complaint Plaintiff prays for an extension of the deadline to object

to the dischargeability of a debt until the conclusion of the 341 meeting and after it is allowed to

conduct discovery. An adversary complaint is not the appropriate means to request an extension

to file an objection to the dischargeability of a debt.  See Fed. R. Bankr. P. 4007(c) (allowing the court to extend for cause the deadline to object to the dischargeability of a debt, after notice and hearing).

As such, dismissal is also proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because the complaint is devoid of any factual allegation to support a section 523(a)(6) action, the court need not reach the other Fed. R. Civ. P. 12(b)(6) arguments set forth by Defendant.

## VI. CONCLUSION

In view of the above, the motion to dismiss filed by Defendant [at Adv. Dkt. No. 7] is granted and the complaint is dismissed with prejudice. A separate judgment shall be entered accordingly and the adversary case closed.

In Ponce, Puerto Rico, this 21st day of March 2022.

María de los Ángeles González
United States Bankruptcy Judge